

SCANNED
OCT 16 2019
U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 19-143 (PJS/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHELIXIS FITZGERALD MAR ROBINSON, )<br>a/k/a "Storm," )<br>)<br>Defendant. ) | PLEA AGREEMENT<br>AND SENTENCING<br>STIPULATIONS |

The United States of America and Phelixis Fitzgerald Mar Robinson (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The United States agrees to move to dismiss Counts 2 and 3 against the Defendant at the time of sentencing.

2. **Factual Basis.** The Defendant agrees to the following facts and further agrees that, were this matter to go to trial, this United States would prove the following facts beyond a reasonable doubt:

On March 21, 2019, detectives of the Coon Rapids Police Department, working with a confidential informant, purchased one gram of heroin from the Defendant in a controlled

buy. Detectives surveilled the buy as it happened, and witnessed the Defendant distribute the gram of heroin to the confidential informant for $110.

On March 27, 2019, detectives executed state warrants to search the following:

- The Defendant's residence in St. Paul, Minnesota;
- The Defendant's vehicle;
- The Defendant's person;
- A storage locker in St. Paul, Minnesota, rented by the Defendant; and
- A storage locker in Little Canada, Minnesota, rented by the Defendant.

Detectives found the following:

- In the Defendant's residence, detectives found 36 grams of heroin packaged consistently with distribution in a backpack, and 71 grams of heroin in a plastic jar.
- In the Defendant's vehicle, detectives found $1,935 in cash.
- On the Defendant's person, detectives found one gram of heroin, located in the Defendant's sock.
- In the St. Paul storage locker, detectives found 4.12 kilograms of heroin, in vacuum-sealed bags and in Ziploc bags. They also found $174,340 in cash, along with mail bearing the Defendant's name.
- In the Little Canada storage locker, detectives found six loaded firearms, as well as separate magazines. They also found two drug scales with heroin ~~residue~~ residue, and $371,060 in cash. Also in the locker was paperwork with the Defendant's name.

The Defendant admits and agrees that the heroin found in his residence, on his person, and in the two storage lockers was his, and that he intended to distribute it. The Defendant admits and agrees that he knowingly, intentionally, and voluntarily possessed with the intent to distribute more than one kilogram of heroin in the State and District of

2

Minnesota.

3. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum of life imprisonment;

    b. a mandatory minimum term of imprisonment of 10 years;

    c. a supervised release term of at least five years, and up to life;

    d. a fine of up to $10,000,000;

    e. a mandatory special assessment of $100.00; and

    f. the possible loss of eligibility for federal benefits.

4. **Revocation of Supervised Release.** The Defendant understands that if the Defendant were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. **Base Offense Level.** The parties agree that, because the offense involved between 3 and 10 kilograms of heroin, the base offense level for Count 1 is **32**. U.S.S.G. § 2D1.1(c)(4).

b.  **Specific Offense Characteristics.** The parties agree that, because the offense involved the possession of firearms, the base offense level should be increased by **2** levels. U.S.S.G. § 2D1.1(b)(1). The parties agree that, because the Defendant maintained a room and enclosure for the purpose of distributing a controlled substance, the base offense level should be increased by an additional **2** levels. The parties agree that no other specific offense characteristics apply.

c.  **Chapter 3 Adjustments.** The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

d.  **Acceptance of Responsibility.** The United States agrees to recommend that the Defendant receive a **3**-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea hearing, (ii) the Defendant cooperates with the Probation Office in the preparation of the Pre-sentence Report, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1. The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

e.  **Criminal History Category.** Based on information available at this time, the parties believe that the Defendant's criminal history category is **II**. This does not constitute a stipulation, but an assessment based on the information currently known. The parties acknowledge that the Defendant's actual criminal history and related status (which might impact the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

f.  **Guideline Range.** If the adjusted offense level is **33**, and the criminal history category is **II**, the Sentencing Guideline range for Count 1 is **151–188** months' imprisonment.

g.  **Fine.** If the adjusted offense level is **33**, the applicable fine range is **$35,000** to **$10,000,000**. U.S.S.G. §§ 5E1.2(c)(3) and (c)(4).

h.  **Supervised Release.** The Defendant is subject to a term of supervised release of at least **5 years**. 21 U.S.C. § 841(b)(1)(A).

i.  **Sentencing Recommendation and Departures.** The parties reserve the right to make departure motions and to oppose any such motions made by

4

the opposing party. The parties also reserve the right to argue for a sentence outside the advisory guidelines range. Notwithstanding this, the Defendant acknowledges that he is subject to a **10-year mandatory-minimum** term of imprisonment. 21 U.S.C. § 841(b)(1)(A).

6. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessments**. The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment prior to sentencing.

8. **Forfeiture:** The Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 853(a)(2), any firearm or ammunition involved in or used in any willful violation of 21 U.S.C. § 853(a), including a Glock model 22 .40 caliber semi-automatic pistol bearing serial number TSG677; a Taurus model Protector .38 caliber revolver bearing serial number FX55164; a Beretta model 96 .40 caliber semi-automatic pistol bearing serial number BER373666; a Glock model 30 .45 caliber semi-

5

automatic pistol bearing serial number RUH177; a Bersa model Thunder .380 caliber semi-automatic pistol bearing serial number E49804; and an SCCY model CPX-2 9mm semi-automatic pistol bearing serial number 418212, together with ammunition.

The Defendant also agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of any such violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of each such violation including: $174,340 in U.S. currency seized on March 27, 2019 from a storage locker in St. Paul, Minnesota, leased to the defendant; and $371,060 in U.S. currency seized on March 27, 2019 from a storage locker in Little Canada, Minnesota.

The United States may, at its option, complete the forfeiture of the above-described assets through administrative, or civil or criminal judicial, forfeiture proceedings. The Defendant waives any right to challenge such forfeitures and waives his right to receive notice of any such civil or administrative forfeiture proceedings. The Defendant agrees that the assets described above are subject to forfeiture because they facilitated or are proceeds of narcotics distribution in violation of 21 U.S.C. § 853, and he consents to their forfeiture.

The defendant waives the requirements of Fed. R. Crim. P. 32.2 with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, waives any claims, defenses or challenges to the forfeitures arising under the Constitution, and agrees that he will not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

The United States reserves the right to seek the forfeiture of additional property from the Defendant or to seek the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

9.  **Complete Agreement.**  This, along with any agreement signed by the parties before the entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Dated: 10/15/2019

ERICA H. MacDONALD
United States Attorney

BY: THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 10/15/19

PHELIXIS FITZGERALD MAR ROBINSON
Defendant

Dated: 10-15-19

BRIAN P. KARALUS, ESQ.
Counsel for Defendant

7