UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Criminal No. 19 - 143(PJS/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHELIXIS FITZGERALD MAR ROBINSON,<br><br>Defendant. | DEFENDANT'S OBJECTIONS TO THE PSR AND SENTENCING POSITION |

**DEFENDANT'S POSITION REGARDING THE GUIDELINES**

**(1) Premises**

The government affirms that the premises enhancement of U.S.S.G section 2D1.1 is valid and ought to enhance the defendant's sentence. Because the guidelines are advisory, any mechanical application of a provision would surreptitiously reprise their obligatory application. The question therefore is not strictly whether the enhancement is applicable but whether it rationally aggravates the act for which the defendant is being sentenced. The Court has the ability to second guess the wisdom of applying the enhancement, rather than being obliged to follow it blindly because a deliberative body suggests it as an enhancement.

The count to which the defendant pled guilty assumes a quantity of a controlled substance meant for distribution. The use of a premises for that does not add any meaningful aggravation

to the count which already assumes an amount meant for distribution. In virtually every case of distribution a person uses various instrumentalities. A premises does not rationally add any meaningful data on what is already an assumption in the count itself: the defendant was selling drugs. It singles out one instrumentality - a premises - arbitrarily for punishment. It is as arbitrary as identifying a motor vehicle, a mobile phone, or any other instrument by which a person distributes contraband. Anyone who distributes contraband uses various devices and expedients; there is nothing about a premises that adds any meaningful information to that which is already included in the count itself. This was not a premises where children or any others were endangered.

It is hardly meaningful to suggest that storage of contraband adds information about a generic distribution crime that has the rational effect of making such a crime worse. It would be a nearly self-evident assumption that a person with a certain amount of contraband would store it somewhere. That it is enclosed adds nothing since a certain amount of secrecy would routinely attend any on-going, illegal act. No one distributes drugs in plain sight. In sum, it appears almost opportunistically punitive to aggravate a punishment based on what is a normal, expected and routine incident of distributing contraband and the court should decline to apply the enhancement.

**(2) Criminal History**

The guidelines are not clear whether they intended to punish logically lesser-included, acts as if they were separate acts. In Mr. Robinson's 2003 attempted murder case, the register of actions shows that on January 22, 2003, the Illinois court originally sentenced Mr. Robinson for a series of crimes (See Attached Case Summary). On February 11, 2003, upon Mr. Robinson's

motion, the court re-sentenced him by "merging" the indistinct lesser included crimes into a single sentence. Even according to the Government's paraphrase of the rule: "prior sentences resulting from offenses contained in the same charging instrument or imposed on the same day" does not warrant additional points to enhance a sentence. Technically, because the court ultimately re-sentenced the defendant on a different day, it was not in compliance with the rule as the Government understands it. The second consideration is that if the sentences merge, they become one sentence and not separate and that nullified the application of the rule. Moreover, sentencing a defendant to a complex, serious crime results in double punishment because it sentences for both the top count and any logically included lesser count even though they happened in a single behavioral incident. To do so would violate the same principle forbidden by double jeopardy. *See Blockenburger v. United States*, 284 U.S. 299 (1932). It would violate double jeopardy because it imposes a harsher sentence for common elements. Further, the crime was a single act and the underlying lesser included could not, under a double jeopardy analysis, ever be charged or tried again. Those same considerations should not result in an enhanced punishment because they are not distinct acts, but elements of a single act.

**(3) The Gun**

The burden is on the government to prove the gun was connected to the drug offense. *See United States v. Anderson,* 618 F. 3d 873 (8th Cir. 2010). Here, the defendant clearly constructively possessed the guns, but no other evidence exists to show they were connected with the crime other than reiterating possession itself. What connects them to the crime is only possession itself. There is no evidence he carried them as an aid to selling drugs, ever brandished them or otherwise employed the guns in connection with the actual distribution of

contraband.  Here, the Government is relying on a serious assumption: guns and drugs have an elective affinity; that one who possesses guns in the same space as drugs must have intended them for use in connection.  In essence, the Government is using possession to prove both possession and use.  Use is a distinct element of proof from possession and it would undermine the logic of the test devised by the 8th Circuit in *Anderson* to conflate them.  There is no evidence beyond mere possession that the guns were used in connection with drug dealing.  Any observation of the defendant using the guns during an act of distribution is lacking in this case and for that reason the Government has failed to prove the connection of the guns to the drugs.

## Conclusion and Appropriate Sentence

There is no question that given the facts of this case and the criminal history of the defendant here merits a serious sentence.  The sentence should not, however, be informed by consideration of the premises, the criminal history points calculation and the gun possession.  To determine what is an appropriate sentence is difficult to quantify in any precise manner.  The defendant wishes the court to bear in mind the following facts.  First, the demonstration of remorse is replete with insight.  He admits his wrongdoing, and while not excusing himself mentions the medical treatment for his sister.  Of course, he knew it was wrong but the decision to do it anyway was the result of a temporary situation he did not bring about and would legitimately explain the pressures which resulted in his abrogation of judgment.  His statement to the court in the PSR contains this very insight.  The defendant is also aging.  Older people commit fewer crimes and it is less likely that after a term of incarceration the defendant will approach that age where criminal activity is far less probable.  At some point, long prison sentences become counter-productive.  The more one remains confined, the less a person can

cope normatively with the normal stresses and pressures of life outside a penal institution. The defendant has some support and it is submitted that the court impose a sentence that deters others, deters the defendant but provides some chance for him to complete rehabilitation and surrender a life of crime to his past.

The defendant's total offense level should be 31 not 33 as the PSR applies. Absent proof the guns were connected to the drug offense, Mr. Robinson should not receive a 2 point enhancement. Furthermore, the PSR has incorrectly applied 3 points to Mr. Robinson's criminal history score by effectively giving him 3 additional points for lesser included offenses that "merged" with his previous attempted murder conviction. The three additional crimes of violence should not be included here because they involved the same victim, the same course of conduct and were "merged" as a result of a matter of law (not by a judge's discretion). As such, Mr. Robinson's criminal history category should be calculated as a level II and not a level III as stated in the PSR and argued by the Government in their sentencing memorandum. An offense level of 31 and a criminal history category of II puts Mr. Robinson's guideline sentence at a range of 121-151 months. If the court agrees that the premises enhancement is opportunistically punitive and declines to apply the enhancement – Mr. Robinson's guideline sentence is more accurately and realistically reflected by a range of 97-121 months. The bottom of the former guideline range and the top of the latter are both 121 months. Defendant respectfully asks this court to sentence him to just that, which is incidentally almost identical to the mandatory minimum sentence required by law of 120 months.

Respectfully submitted,

*s/Brian P. Karalus*

Dated: February 4, 2019

                                                    BRIAN P. KARALUS
Attorney ID No. 295073
Attorney for Defendant
401 3rd St N, Suite 650
Minneapolis, MN 55401