UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-0143 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| PHELIXIS FITZGERALD MAR ROBINSON, | |
| Defendant. | |

Defendant Phelixis Fitzgerald Mar Robinson is serving a 139-month sentence after pleading guilty to possessing heroin with intent to distribute. This matter is before the Court on Robinson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] ECF No. 59. For the reasons that follow, that motion is denied.

Robinson's motion is in an awkward procedural posture because he filed it while he was detained at the Grady County Jail in Chickasha, Oklahoma awaiting transfer to a Bureau of Prisons ("BOP") facility. Robinson was subsequently transferred to the

---

[1]Robinson's motion clearly states that he is seeking relief pursuant to § 3582(c)(1)(A), which provides that a court may, in certain circumstances, "reduce the term of imprisonment." However, Robinson's motion also states that he is seeking "an order modifying his sentence so that he can complete the remainder of his sentence in home confinement." ECF No. 59 at 5. Only the Bureau of Prisons—not this Court—has authority to place Robinson on home confinement. *See United States v. Libby*, No. 15-CR-0182 (DWF/LIB), 2021 WL 254407, at *3–4 (D. Minn. Jan. 26, 2021). Accordingly, the Court construes Robinson's motion as one for a reduction in custody under § 3582(c)(1)(A), rather than a request for release to home confinement.

Springfield Medical Center for Federal Prisoners ("MCFP Springfield") where he is currently incarcerated. ECF No. 61 at 1. Robinson's projected release date is March 30, 2029.[2]

Ordinarily, before bringing a motion for compassionate release, a defendant must exhaust his administrative remedies. Section 3582(c)(1)(A) dictates that a defendant may move for a sentence reduction only "after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." But because Robinson was at a county jail rather than a BOP facility at the time he filed his compassionate-release motion, Robinson says that it was impossible for him to exhaust his administrative remedies because there was no "warden of the defendant's facility" to whom he could direct his request for compassionate release. ECF No. 59-1.

A second complication is that much of Robinson's compassionate-release motion is devoted to arguing that the conditions at the Grady County Jail are unsafe, and that the staff at that facility have been unable to control the spread of COVID-19. ECF No. 59. Indeed, Robinson reveals that he contracted COVID-19 while at the Grady County Jail, and alleges that the care he received was grossly inadequate. *Id*. at 3–4.

---

[2]Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Feb. 12, 2021).

But because Robinson is no longer confined at the Grady County Jail, the facility-specific arguments that he makes in support of his compassionate-release motion are moot.

The unique circumstances of this case create legal complications. Ultimately, however, those complications do not matter, because even if Robinson had based his request for release on the conditions at MCFP Springfield rather than the conditions at the Grady County Jail, and even if Robinson had clearly exhausted his administrative remedies, the Court would deny his request.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). But § 1B1.13 was issued when the BOP had the sole authority to bring motions for release under § 3582(c)(1)(A). Unfortunately, § 1B1.13 has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf. *See United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). The Eighth Circuit has not yet addressed this issue. In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.

Robinson argues that his high blood pressure, in combination with the coronavirus pandemic, constitutes an "extraordinary and compelling reason" justifying his release. ECF No. 59 at 2. According to the Centers for Disease Control and Prevention, people with high blood pressure might be at an increased risk of severe illness from the virus that causes COVID-19.[3] Robinson explains that he has to take three different medications to manage his condition, *id.*, but Robinson has not submitted any medical records or any other documentation of his health history to support his

---

[3] Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, (Feb. 3, 2021) http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

claim, nor is there any reason to believe that Robinson's high blood pressure is not being effectively treated by the BOP. The Court notes that, when Robinson's revised presentence report ("PSR") was prepared just last year, Robinson reported that he was "in good health" and was "not being treated for anything, which was verified by medical records from the Sherburne County, Minnesota, Jail." PSR ¶ 73. Further, the spread of COVID-19 at MCFP Springfield appears to be well-controlled. Only one inmate and four staff are currently positive for COVID-19, while 277 inmates and 107 staff have been vaccinated.[4] (The Court does not know if Robinson is one of those inmates who have been vaccinated—but given that he has recovered from COVID-19, he presumably has at least some natural immunity to the coronavirus.)

In light of these facts, the Court cannot find that Robinson's high blood pressure, in combination with the COVID-19 pandemic, constitutes an "extraordinary and compelling reason" justifying his release. *See United States v. Brown*, No. 17-CR-0153(6) (ADM/DTS), 2020 WL 6136121, at *2 (D. Minn. Oct. 19, 2020) (finding that defendant's high blood pressure was insufficient to establish "a particularized susceptibility to the COVID-19 virus"); *United States v. Shamilov*, No. 19-CR-0238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020) (denying motion for compassionate release in part

---

[4]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 12, 2021).

because defendant offered "no current documentation of his ongoing [medical] issues" and because PSR indicated that defendant had no current medical problems).

Granting Robinson's motion for release would also be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Robinson was convicted of a very serious crime, and he has served very little of his 139-month sentence. After receiving a report from a person who claimed to have purchased heroin from Robinson "approximately 100 times" in the course of a year, law enforcement executed several search warrants on Robinson's properties. PSR ¶¶ 6, 11. As a result of these searches, law enforcement discovered that Robinson was in possession of more than 4.2 kilograms of heroin, more than half a million dollars in cash, and six firearms (two of them loaded), along with additional rounds of ammunition. PSR ¶ 11. Robinson has been dealing drugs for almost 30 years, and this is his fourth felony drug conviction. PSR ¶¶ 34–39. Robinson also has a prior conviction for attempted murder. PSR ¶ 38.

Despite the seriousness of Robinson's crime and criminal record, the Court imposed a sentence that was 12 months below the bottom of his Guidelines range, taking into account his difficult upbringing, his early and emphatic acceptance of responsibility, and the strong support system that he has in place. But Robinson's 139-month sentence was imposed just 11 months ago. ECF No. 57. Granting Robinson's motion for release would not adequately reflect the seriousness of his offense, nor

would it adequately deter future criminal conduct by him or others. § 3553(a)(2)(A)–(B). And given Robinson's long history of dealing drugs and his possession of six firearms, granting his motion for release would not adequately protect the public from further crimes. § 3553(a)(2)(C). Robinson's motion for compassionate release is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for release [ECF No. 59] is DENIED WITHOUT PREJUDICE.

Dated:  February 12, 2021                s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge